# United States Court of Appeals
# For the Second Circuit

August Term 2023

Argued: November 20, 2023
Decided: March 18, 2024

No. 23-384

---

AVRAHAM GOLDSTEIN, MICHAEL GOLDSTEIN, FRIMETTE KASS-SHRAIBMAN, MITCHELL LANGBERT, JEFFREY LAX, MARIA PAGANO,

*Plaintiffs-Appellants*,

v.

PROFESSIONAL STAFF CONGRESS/CUNY, CITY UNIVERSITY OF NEW YORK, JOHN WIRENIUS, IN HIS OFFICIAL CAPACITY AS CHAIRPERSON OF THE NEW YORK PUBLIC EMPLOYEE RELATIONS BOARD, ROSEMARY A. TOWNLEY, IN HER OFFICIAL CAPACITY AS MEMBER OF THE NEW YORK PUBLIC EMPLOYEE RELATIONS BOARD, ANTHONY ZUMBOLO, IN HIS OFFICIAL CAPACITY AS MEMBER OF THE NEW YORK PUBLIC EMPLOYEE RELATIONS BOARD, CITY OF NEW YORK, THOMAS P. DINAPOLI, IN HIS OFFICIAL CAPACITY AS NEW YORK STATE COMPTROLLER,

*Defendants-Appellees*.

---

Appeal from the United States District Court
for the Southern District of New York
No. 22-cv-321, Paul A. Engelmayer, *Judge*.

Before:     KEARSE, CALABRESI, and NATHAN, *Circuit Judges*.

Plaintiffs are six full-time professors employed by Defendant the City University of New York and exclusively represented by Defendant Professional Staff Congress/CUNY (PSC) for collective bargaining purposes. Their complaint alleges that New York's Public Employees' Fair Employment Act (the Taylor Law) violates Plaintiffs' First Amendment rights to free speech and association because it requires them to belong to a bargaining unit exclusively represented by PSC. They also challenge Section 209-a.2(c) of the Taylor Law, which allows PSC to decline to represent non-union employees in certain proceedings. Defendants filed motions to dismiss these claims, which the United States District Court for the Southern District of New York (Engelmayer, *J.*) granted.

Plaintiffs appeal the district court's dismissal of their First Amendment claims. We agree with the district court that Plaintiffs' claims are foreclosed by the Supreme Court's decision in *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984). We also agree with the district court that Plaintiffs have failed to allege that Section 209-a.2(c) of the Taylor Law violates the First Amendment. Accordingly, we **AFFIRM** the judgment of the district court.

_____

> NATHAN J. MCGRATH, Danielle Susanj, The Fairness Center, Harrisburg, PA (Milton L. Chappell, William L. Messenger, Glenn M. Taubman, National Right to Work Legal Defense Foundation, Inc., Springfield, VA, *on the brief*) *for Plaintiffs-Appellants*.
>
> CLELAND B. WELTON, II (Barbara D. Underwood, Ester Murdukhayeva, *on the brief*) for Letitia James, Attorney General, State of New York, New York, NY, *for Defendants-Appellees City University of New York, John Wirenius, Rosemary A. Townley, Anthony Zumbolo, and Thomas P. DiNapoli.*

2

SCOTT A. KRONLAND, Matthew J. Murray, Altschuler Berzon LLP, San Francisco, CA (Hanan B. Kolko, Cohen Weiss and Simon LLP, New York, NY, *on the brief*) *for Defendant-Appellee Professional Staff Congress/CUNY.*

———

PER CURIAM:

## BACKGROUND

New York's Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law §§ 200, *et seq.*, commonly referred to as the Taylor Law, authorizes public employees to bargain collectively with their employer. Under the Taylor Law, public employees are separated into distinct bargaining units composed of employees who share "a community of interest." *Id.* § 207. A union may then be certified as the exclusive representative for a bargaining unit. *Id.* § 204. Once designated as the exclusive representative, the union is given broad authority to act on behalf of the bargaining unit. Only the exclusive representative may negotiate with the employer over "the terms and conditions of employment" of all employees in the bargaining unit. *Id.* § 204.2. Indeed, the employer is "required

to negotiate collectively" with the exclusive representative and is prohibited from bargaining with anyone else. *See id.*

Plaintiffs-Appellants Avraham Goldstein, Michael Goldstein, Frimette Kass-Shraibman, Mitchell Langbert, Jeffrey Lax, and Maria Pagano are six full-time professors employed by Defendant-Appellee the City University of New York (CUNY). Each belongs to the same bargaining unit composed of over 30,000 full-time and part-time faculty and staff of CUNY and the CUNY Research Foundation. Since 1972, this bargaining unit has been exclusively represented by Defendant-Appellee Professional Staff Congress/CUNY (PSC) for collective bargaining purposes.

PSC engages in political advocacy on issues related to Israel and Palestine with which Plaintiffs "vehemently disagree." App'x 37. Five of the six Plaintiffs, who identify as Jewish and Zionists, resigned their membership from PSC in 2021 in response to what they describe as PSC's "anti-Semitic and anti-Israel statements, actions, and positions." App'x 29. The sixth Plaintiff, Pagano, resigned around 2010 after PSC allegedly interfered with and refused to represent her in a grievance

4

proceeding with CUNY. While all Plaintiffs have resigned from union membership in PSC, each remains part of the bargaining unit represented by PSC. PSC and CUNY have entered into various agreements that control the terms and conditions of Plaintiffs' employment.

Plaintiffs not only oppose PSC's political positions but also disagree with how PSC negotiates their employment terms and conditions. As full-time faculty, Plaintiffs allege that PSC prioritizes the economic and employment interests of part-time adjunct professors and other groups over their own.

Plaintiffs also take issue with Section 209-a.2(c) of the Taylor Law, which limits PSC's duty of fair representation "to the negotiation or enforcement of the terms of an agreement with [their] public employer" and excludes any obligation to represent non-union members in grievance proceedings, disciplinary matters, or other interactions with CUNY. N.Y. Civ. Serv. Law § 209-a.2(c). As non-union members who have expressed vocal opposition to PSC's political views, Plaintiffs believe that PSC will not fairly represent them in these proceedings.

In 2022, Plaintiffs filed suit against PSC, CUNY, the City of New York, and affiliated individuals[1] in their official capacities (collectively, Defendants). Plaintiffs allege that their First Amendment rights to freedom of association are violated by the Taylor Law in two respects. First, it unconstitutionally compels them to associate with PSC and second, it unconstitutionally compels them to associate with the other CUNY instructional staff in their bargaining unit. Plaintiffs also assert that their free speech rights are violated because the Taylor Law authorizes PSC to speak and contract for them.[2]

Defendants filed motions to dismiss. In a thorough and well-reasoned decision, the district court granted the motions to dismiss, concluding that these claims were "necessarily foreclosed" by the Supreme Court's decision in *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984), which remains binding law after *Janus v. AFSCME*, 585 U.S. 878 (2018). *Goldstein v. Pro. Staff*

---

[1] The individual Defendants sued in their official capacities are Chairperson of the New York Public Employee Relations Board (PERB) John Wirenius, PERB members Rosemary A. Townley and Anthony Zumbolo, and New York State Comptroller Thomas P. DiNapoli.

[2] Three of the Plaintiffs also alleged an additional claim that PSC violated their First Amendment rights by continuing to deduct union dues from their wages after they resigned. The parties settled this claim, so it is not before us on appeal.

*Cong./CUNY*, 643 F. Supp. 3d 431, 443 (S.D.N.Y. 2022). The district court also explained that even if *Knight* did not foreclose these claims, the complaint nonetheless failed to state a claim that Plaintiffs' First Amendment free speech or associational rights were violated. The district court also rejected Plaintiffs' challenge to Section 209-a.2(c) of the Taylor Law, which limits the duty of fair representation owed by an exclusive representative to its non-union members.

## DISCUSSION

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Henry v. Cnty. of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (quotation marks omitted).

We conclude that PSC's exclusive representation of Plaintiffs in collective bargaining with CUNY does not violate the First Amendment. In reaching our conclusion, we join each of our sister circuits to have addressed this issue since the

Supreme Court's decision in *Janus*.³ We also reject Plaintiffs' challenge against Section 209-a.2(c) of the Taylor Law, which limits the duty of an exclusive representative to represent non-union employees in certain proceedings.

## I. PSC as the Exclusive Representative

The Supreme Court's decision in *Knight* forecloses Plaintiffs' claims challenging PSC as their exclusive representative. In *Knight*, community college professors challenged two provisions of a Minnesota law requiring the state to (1) "meet and negotiate" with the plaintiffs' exclusive representative over employment terms and conditions, and (2) "meet and confer" with the exclusive representative on policy questions outside the scope of mandatory bargaining. 465 U.S. at 274–75. Under the law, "the employer may neither 'meet and negotiate'

---

³ *See e.g.*, *Peltz-Steele v. UMass Faculty Fed'n*, 60 F.4th 1, 4–8 (1st Cir. 2023); *Adams v. Teamsters Union Loc. 429*, No. 20-1824, 2022 WL 186045, at *2–3 (3d Cir. Jan. 20, 2022) (unpublished); *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 725–27 (8th Cir. 2021); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 968–70 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 423 (2021); *Bennett v. Council 31 of the AFSCME*, 991 F.3d 724, 727, 733–35 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 423 (2021); *Akers v. Maryland State Educ. Ass'n*, 990 F.3d 375, 382–83 n.3 (4th Cir. 2021); *Ocol v. Chicago Tchrs. Union*, 982 F.3d 529, 532–33 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 423 (2021); *Thompson v. Marietta Educ. Ass'n,* 972 F.3d 809, 813–14 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 2721 (2021); *Mentele v. Inslee*, 916 F.3d 783, 786–91 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 114 (2019).

nor 'meet and confer' with any members of that bargaining unit except through their exclusive representative." *Id.* at 275.

The Supreme Court summarily upheld the validity of the "meet and negotiate" provision, *Knight v. Minnesota Cmty. Coll. Fac. Ass'n*, 460 U.S. 1048 (1983), and issued a separate opinion concluding that the "meet and confer" provision was also constitutional, *Knight*, 465 U.S. at 273. The Court held that excluding non-union members from "meet and confer" sessions did not violate their First Amendment rights because public employees do not have a "constitutional right to force the government to listen to their views." *Id.* at 283.

Plaintiffs argue that *Knight* does not foreclose their claims because their complaint seeks only to prevent PSC from speaking on their behalf; it does not seek any right to attend meetings between PSC and CUNY. That reading of *Knight* is far too narrow. In *Knight*, the Court explained that excluding non-union members from "meet and confer" sessions to discuss policy questions separate from collective bargaining "in no way restrained [the employees'] freedom to speak on any education-related issue or their freedom to associate or not to

associate with whom they please, including the exclusive representative." *Id.* at 288. The employees' "associational freedom ha[d] not been impaired" because they remained "free to form whatever advocacy groups they like[d]" and were "not required to become members" of the union. *Id.* at 289. Moreover, while the union's "unique status" as the exclusive representative "amplifie[d] its voice in the policymaking process," the Court explained that "[a] person's right to speak is not infringed when government simply ignores that person while listening to others." *Id.* at 288. Therefore, restricting attendance at these meetings to the exclusive representative violated neither the plaintiffs' free speech nor associational rights. *Id.* at 288–90.

For the same reasons, the exclusive collective bargaining regime that Plaintiffs are subject to under the Taylor Law poses no First Amendment problem. Designating PSC as Plaintiffs' exclusive bargaining representative does not impermissibly burden Plaintiffs' ability to speak with, associate with, or not associate with whom they please, including CUNY and PSC. Plaintiffs are free to resign their membership from the union or to engage in public dissent against

PSC's views. The prudential pressure that Plaintiffs may reasonably feel to *join* the union—despite their deep objections to its political positions—"is no different from the pressure to join a majority party that persons in the minority always feel" and thus "does not create an unconstitutional inhibition on associational freedom." *See id.* at 290.

Any legal authority that PSC has to negotiate on behalf of Plaintiffs is restricted to the narrow scope of collective bargaining with CUNY. This means only that Plaintiffs may not themselves directly bargain with or select their own representative to bargain with CUNY over their employment terms. However, the First Amendment does not guarantee public employees the right to engage in collective bargaining with their employer. *See id.* at 283 ("[Public employees] have no constitutional right to force the government to listen to their views.").

Despite Plaintiffs' contentions, reading *Knight* to foreclose Plaintiffs' claims does not contravene the Supreme Court's more recent decision in *Janus*, which held that the First Amendment prohibits a public-sector union from assessing mandatory "agency fees" against non-union members of the collective bargaining

11

unit. 585 U.S. at 929–30. *Janus* invalidated these mandatory agency fees because the First Amendment prohibits "[c]ompelling a person to *subsidize* the speech of other private speakers." *Id.* at 893. But that holding does not undermine the constitutionality of exclusive representation by public-sector unions that do *not* assess mandatory agency fees. To the contrary, as we recognized in a recent opinion, "*Janus* invalidated the collection of agency fees from non-union members but left intact labor-relations systems exactly as they are." *Wheatley v. New York State United Tchrs.*, 80 F.4th 386, 388 (2d Cir. 2023) (quotation marks omitted); *see also Janus*, 585 U.S. at 904–05 n.7 ("[W]e are not in any way questioning the foundations of modern labor law.").

Accordingly, we conclude that Plaintiffs' First Amendment challenges against the designation of PSC as their exclusive bargaining representative are directly foreclosed by *Knight*.

## II.  Section 209-a.2(c) of the Taylor Law

We also reject Plaintiffs' contention that Section 209-a.2(c) of the Taylor Law, which limits the fiduciary duty that an exclusive representative owes to non-union

members in its bargaining unit, "exacerbate[s]" and "compound[s]" their First Amendment injuries. Appellant's Br. at 22–24.

Section 209-a.2(c) of the Taylor Law relieves an exclusive representative of any obligation to represent its non-union employees in any "grievance, arbitration or other contractual process concerning the evaluation or discipline of a public employee" where the employee may select their own representative. N.Y. Civ. Serv. Law § 209-a.2(c). Under the duty of fair representation, an exclusive representative must fairly represent all employees, including those who are not union members, when bargaining on their behalf. *See Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 201 (1944). This "duty is a necessary concomitant of the authority that a union seeks when it chooses to serve as the exclusive representative of all the employees in a unit," *Janus*, 585 U.S. at 901, because employees in the unit have no choice but to be represented by the exclusive representative in negotiating their employment terms. Courts have not, however, suggested that the duty of fair representation extends beyond collective bargaining—to proceedings where employees are free to select their own representatives.

To the contrary, the Supreme Court has invited the precise approach to exclusive representation adopted by New York's Taylor Law. In invalidating mandatory agency fees, *Janus* rejected an argument that employees who have resigned from union membership should still be required to pay agency fees because the union still represents them in disciplinary proceedings. *See id.* at 900–01. The Court reasoned that unions can "eliminate[]" this "unwanted burden" by simply denying non-union members representation in these proceedings altogether. *See id.*

We therefore disagree with Plaintiffs that the limited fiduciary duty imposed by Section 209-a.2(c) of the Taylor Law burdens their First Amendment rights.

## CONCLUSION

For the reasons stated above, the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.